UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL NORWOOD, | Civil Action No. 15-2996 (JEI) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**IRENAS**, Senior District Judge:

Presently before the Court is the motion of the Government to dismiss Petitioner Michael Norwood's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 8). Petitioner has filed two responses to the motion (ECF No. 10, 13) as well as a motion for leave to supplement his response (ECF No. 11) which this Court grants, and to which the Government has replied. (ECF No. 14). Also before the Court is Petitioner's motion for summary relief purportedly pursuant to Federal Rule of Civil Procedure 8(b)(6) (ECF No. 9), to which the Government has responded (ECF No. 12). For the following reasons, this Court will deny the Government's motion to dismiss, deny Plaintiff's motion for summary relief, and will direct the Government to provide a full response to Petitioner's § 2255 motion addressing the merits of Petitioner's claims.

## I. BACKGROUND

The Third Circuit laid out the factual and procedural background of Petitioner's case in its most recent opinion affirming Petitioner's resentencing:

> On April 12, 1996, Norwood entered the Amboy National Bank in Old Bridge, New Jersey and walked out with over $15,000 that he had demanded from the bank tellers, while brandishing a

1

handgun. Shortly thereafter, Norwood approached a motorist, demanded that he get out of his car at gunpoint, and drove away. Later, the motorist's vehicle was recovered, together with Norwood's handgun. The following day the police arrested Norwood and an accomplice.

While the procedural history is rather extensive, a truncated overview is warranted. At Norwood's first trial, Norwood waived his right to counsel and represented himself. Assistant Federal Public Defender ("AFPD") Lori Koch served as standby counsel. A mistrial was declared when the jury was unable to reach a verdict.

At the bifurcated retrial Norwood represented himself again. The jury found Norwood guilty of bank robbery, armed bank robbery, carjacking and two counts of use of a firearm in relation to a crime of violence (one for robbery and another for carjacking). In the second half of the bifurcated trial, a jury found Norwood guilty of possession of a firearm by an armed career criminal. Based on these convictions, Norwood received an aggregate prison term of life plus 25 years.

After this Court rejected Norwood's first appeal, *United States v. Norwood*, 142 F.3d 430 (3d Cir. 1998), Norwood filed a petition for collateral review pursuant to 28 U.S.C. § 2255. The District Court granted the petition as to a sentence miscalculation but denied the other claims. At a resentencing hearing, Norwood raised six additional claims and the District Court denied each of them. Norwood appealed both the partial denial of his first § 2255 motion, docketed by this Court as No. 99–5510, and the denial of his six additional claims, docketed by this Court as No. 99–5992. After consolidating the two appeals, this Court concluded that it lacked jurisdiction to consider the claims in either appeal and therefore dismissed both. *Norwood v. United States*, 229 F.3d 1138 (3d Cir. 2000).

In September 1999, the District Court granted Norwood's pro se motion for the appointment of new counsel, other than AFPD Koch, finding that an actual conflict existed because Norwood filed a complaint against AFPD Koch with the New Jersey Supreme Court's Office of Attorney Ethics.

2

> In June 2006, Norwood filed a second § 2255 petition, which was also denied by the District Court. Norwood did not appeal the District Court's order.
>
> Norwood's third § 2255 petition, which was filed in December 2010 and claimed for the first time that his sentences for bank robbery and armed bank robbery violated double jeopardy, was denied by the District Court; however, this Court ultimately vacated and remanded the District Court's order because Norwood's conviction for bank robbery (Count One) and armed bank robbery (Count Two) did in fact violate the Double Jeopardy clause. *Norwood v. United States*, 472 Fed.Appx. 113 (3d Cir. 2012).
>
> On remand, in April 2013, the District Court issued an amended judgment on certain counts of the indictment without holding a formal resentencing hearing. On appeal, the Government conceded that the District Court erred and that Norwood was entitled to a de novo resentencing hearing.
>
> Prior to this resentencing hearing, the District Court appointed AFPD Christopher O'Malley to represent Norwood. Thereafter, Norwood moved to disqualify AFPD O'Malley, arguing that his previous conflict with AFPD Koch should be imputed to the entire Federal Public Defender's Office. The District Court denied the motion. Norwood then filed a motion to proceed pro se, which the District Court granted. In June 2013, the District Court held the resentencing hearing (the "June 2013 Resentencing") and resentenced Norwood to an aggregate term of imprisonment of five hundred months.

*United States v. Norwood*, 566 F. App'x 123, 124-25 (3d Cir.), *cert. denied*, 135 S. Ct. 344 (2014).

Petitioner appealed his June 2013 resentencing, and the Third Circuit affirmed. *Id.* at 129. The Supreme Court denied Petitioner's Petition for certiorari on October 6, 2014. 135 S. Ct. at 344. Petitioner filed the instant § 2255 motion on or about April 29, 2015. (ECF No. 1). Following an administrative termination, Petitioner filed an amended motion to vacate on or about June 23, 2015. (ECF No. 4). This Court thereafter ordered the Government to respond to the amended motion within forty-five days on June 23, 2015. (ECF No. 5). On August 14, 2015, approximately

3

one week after the forty-five days had run, the Government filed its answer[1] and a motion to dismiss Petitioner's § 2255 motion. (ECF No. 7, 8). On August 18, 2015, this Court received Petitioner's motion for summary relief, apparently mailed on August 13, 2015. (ECF No. 9).

## II. PETITIONER'S MOTION FOR SUMMARY RELIEF

Petitioner has filed a motion for summary relief in which he argues that, because the Government did not file its answer within the forty-five days provided in this Court's order to answer, they have not responded and have effectively admitted all of his averments, entitling him to relief. Although Petitioner styles this motion as being brought pursuant to Rule 8(b)(6) of the Rules of Civil Procedure, what he actually seeks, in effect, is a default judgment on his § 2255 motion. Petitioner's motion, however, is based on the false legal premise that where the Government fails to answer, let alone timely answer, the petitioner is entitled to relief on a § 2255 motion.

As the Third Circuit has explained, "[e]ven if the Government . . . fail[s] to respond to [a] § 2255 motion, it does not follow that [the petitioner] is entitled to a default judgment. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (collecting cases)." *In re West*, 591 F. App'x 52, 54 n. 3 (3d Cir. 2015). "The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." *Gordon*, 895 F.2d at 612. This is so because "'[w]ere district courts to enter default judgments without reaching the merits of [a habeas] claim, it would not be the defaulting party but the public at large that would be made to suffer by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process

---

[1] Although the Government filed both an answer and a motion, the Government raises the same arguments in both documents and does not address the merits of Petitioner's arguments in either.

4

of retrying them." *United States v. Dill*, 555 F. Supp. 2d 514, 521 (E.D. Pa. 2008) (quoting *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)); *see also Atkins v. United States*, No. 88-5106, 1990 WL 126196, at *2 (D.N.J. Aug. 27, 1990); *United States v. Greenslade*, No. 04-405-05, 2009 WL 1507290, at *2 (M.D. Pa. May 28, 2009) ("default judgments are not appropriate in § 2255 motions"). Indeed, the rule of civil procedure governing entry of default, Rule 55(d), specifically states that a "default judgment may be entered against the United States . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court" even outside of the habeas context. As the entry of a default judgment is inappropriate in the § 2255 context, and because the Government has responded to the petition, albeit a week after the initial forty-five day period had expired, Petitioner is not entitled to summary relief on his § 2255 motion, and his motion for such relief shall be denied.

## III. THE GOVERNMENT'S MOTION TO DISMISS PETITIONER'S § 2255 MOTION

### A. The § 2255 Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an

omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

### B. The Motion to Dismiss Standard

"The Government's motion to dismiss is considered according to the standard set forth by Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 81(a)(4) (applying the Federal Rules of Civil Procedure to 'proceedings for habeas corpus . . . to the extent that the practice in those proceedings: (A) is not specified in [] the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions.')." *Hamani v. United States*, No. 11-6919, 2014 WL 5843365, at *2 (D.N.J. Nov. 12, 2014). When called upon to decide a motion pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

### C. Analysis

The Government moves this Court to dismiss Petitioner's motion to vacate on the grounds that his motion is second or successive, and thus barred absent prior approval by the Third Circuit Court of Appeals. "Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals."

6

*United States v. Chew*, 284 F.2d 468, 470 (3d Cir. 2002). "Where a Petitioner files a second or successive motion without certification from the court of appeals, the district court lacks jurisdiction to hear the motion and must either dismiss it or transfer it to the court of appeals." *Lewis v. United States*, No. 13-1453, 2015 WL 4647878, at *1 (D.N.J. Aug 4, 2015). The question of when a motion is second or successive, however, is not so simple as determining whether a petitioner has previously filed such a motion, however.

In *Magwood v. Patterson*, 561 U.S. 320 (2010), the Supreme Court discussed whether a habeas petition is second or successive in light of a resentencing.[2] In so doing, the Court first noted that "it is well settled that the phrase does not simply refer to all [habeas] applications filed second or successively in time." *Id.* at 332 (internal quotations omitted). The Court instead determined that the term second or successive "must be interpreted with respect to the judgment challenged," and not on a claim by claim basis. *Id.* at 333. The Court therefore held that where "there is a new judgment intervening between . . . two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." *Id.* at 341-42 (internal quotations omitted). The Court left open, however, the question of whether "a petitioner who obtains a conditional writ as to his sentence [may] file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction." *Id.* at 342. Thus, the Court made it clear that a petition challenging a new judgment, such as Petitioner's new sentence, is not second or successive because of prior applications preceding the resentencing, but *Magwood* does not explicitly answer the question posed here: whether the new sentence permits a petitioner to challenge his original, undisturbed conviction.

---

[2] Although *Magwood* addressed a petition for habeas corpus under 28 U.S.C. § 2254, the parties do not dispute that *Magwood's* holding is equally applicable in § 2255 motions. *See Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010).

7

Since the Court's decision in *Magwood*, several courts of appeals have addressed that question. In 2010, the Second Circuit did so in *Johnson v. United States*, 623 F.3d 41, 45-46 (2d Cir. 2010), holding that such a petition was not second or successive:

> [w]e must also determine whether *Magwood* applies in a situation where, as here, a prisoner who successfully challenged his judgment of conviction in a prior § 2255 motion files a subsequent § 2255 motion challenging unlamented portions of his underlying conviction or sentence. . . . Under *Magwood* . . . where "there is a new judgment intervening between the two habeas petitions, . . . an application challenging the resulting new judgment is not 'second or successive' at all." [*Magwood*, 561 U.S. at 341-42.] And the Supreme Court has previously stated that "[a] judgment of conviction includes both the adjudication of guilt and the sentence." *Deal v. United States*, 508 U.S. 129, 132 [(1993).] It follows that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both.
>
> Applying *Magwood*, [the Petitioner's] proposed § 2255 motion would not be successive because it is his first § 2255 motion challenging the amended judgment of conviction.[] A different result is not warranted by the fact that [the petitioner's] claims could have been raised in his prior § 2255 motion or the fact that he effectively challenges an unamended component of the judgment. In light of *Magwood*, we must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment. *See Magwood*, [561 U.S. at 332-33, 341-42]. To the extent that [prior Second Circuit precedent] is inconsistent with *Magwood*, it is no longer good law.

Since the decision in *Johnson*, some Courts of Appeals have agreed with the Second Circuit, *see, e.g., Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012), and some have disagreed, *see Suggs. United States*, 705 F.3d 279, 282-85 (7th Cir. 2013) (disagreeing with *Johnson* on the basis of undisturbed Seventh Circuit precedent); *In re Lampton*, 667 F.3d 585, 588-89 (disagreeing with *Johnson* in a case where only a lesser included offense had been removed by the prior motion which, under Fifth Circuit precedent "leav[es] the conviction and sentence on the greater offense intact"). While the Third Circuit has yet to address the issue in a precedential opinion, one panel

8

of the court of appeals has faced the issue and agreed with *Johnson* that regardless of whether the new habeas petition challenges the undisturbed conviction or the new sentence, an intervening resentencing prevents a subsequent habeas petition from being second or successive. *In re Brown*, 594 F. App'x 726, 729-30 (3d Cir. 2014). In so holding, that panel of the Third Circuit recognized the circuit split on the issue and explicitly rejected the holdings of both *Suggs* and *Lampton*, finding instead that "the Supreme Court['s] decision makes clear that 'a habeas petition is deemed initial or successive by reference to the *judgment* it attacks – not which *component* of the judgment it attacks or the nature or genesis of the *claims* it raises.' *Suggs*, 705 F.3d at 287-88 (Sykes, J., dissenting)." *Id.*

The Government argues, however, that because the Third Circuit has only addressed the issue in a non-precedential opinion, this Court can and should disagree. *See, e.g., In re Grand Jury Investigation*, 445 F.3d 266, 276-77 (3d Cir. 2006) (finding that a District Court erred in following a non-precedential opinion in light of clear and binding precedent to the contrary of the District Court's reading of the non-precedential opinion). While this Court agrees that *Brown* is not binding, this Court does not agree that *Brown* and *Johnson* reach incorrect conclusions. As *Brown* and *Johnson* recognized, a criminal judgment in this Court is made up of both a finding of guilt and a sentence. Thus, while a resentencing may only address one component of the prior judgment, by altering that component, the end result is an entirely new judgment for *Magwood* purposes. *Brown*, 594 F. App'x at 729-30; *see also Johnson*, 623 F.3d at 45-46. Thus, the weight of persuasive precedent leads this Court to conclude that where there is an intervening resentencing, as there is in this case, the first § 2255 motion challenging the resulting sentence is not second or successive where it attacks the undisturbed portions of the prior judgment of conviction. As the parties do not dispute that Petitioner was subject to an intervening resentencing, and therefore,

under *Brown* and *Johnson*, an intervening judgment, the current § 2255 motion is not second or successive under *Magwood*, and the Government's motion to dismiss must be denied.[3] Because this Court is denying the Government's motion to dismiss, this Court will direct the Government to file a full and complete answer addressing the merits of Petitioner's § 2255 motion within thirty days. *See, e.g., Ukawabutu v. Morton*, 997 F. Supp. 605, 608 (D.N.J. 1998) (noting the limited propriety of a motion to dismiss in habeas cases and noting that where such a motion is permitted, it may be filed before or after the filing of an answer depending on the circumstances, but noting that a motion to dismiss is not itself an answer).

## IV. CONCLUSION

For the reasons expressed above, this Court will GRANT Plaintiff's motion to supplement his response (ECF No. 11). Plaintiff's motion for summary relief (ECF No. 9), and the Government's motion to dismiss (ECF No. 8), however, shall be DENIED. An appropriate order follows.

Hon. Joseph E. Irenas,
Senior United States District Judge

---

[3] Because this Court's determination as to *Magwood* is dispositive, this Court declines to address the Government's argument as to whether *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), remains good law in light of *Pliler v. Ford*, 542 U.S. 225 (2004).

10