UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL NORWOOD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 15-2996 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner, Michael Norwood, is a federal prisoner currently incarcerated at FCI Danbury in Danbury, Connecticut. He is proceeding *pro se* and had filed an amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 4). The Court denied the motion on November 28, 2016. (ECF Nos. 49, 50). Currently before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 54). Respondent filed an opposition, and Petitioner filed a reply. (ECF Nos. 57, 58). For the following reasons, the Court will deny Petitioner's motion for relief from judgment.

    **I.**    **BACKGROUND**

    As Petitioner is intimately familiar with the facts of his case and because the Court has already set forth the lengthy background of this case in its earlier Opinion, the Court will only state those facts necessary to address the instant motion. (ECF No. 49).

    This case arises from Petitioner's convictions for bank robbery, armed bank robbery, carjacking, possession of a firearm by an armed career criminal, and two counts of use of a firearm in relation to a crime of violence. (*Id*. at 2). After several § 2255 petitions and appeals, this Court resentenced Petitioner in June of 2013, and the Third Circuit affirmed. *United States v. Norwood*,

566 F. App'x 123, 129 (3d Cir.), *cert. denied*, 135 S. Ct. 344 (2014). The Supreme Court thereafter denied Petitioner's petition for certiorari in October of 2014, *United States v. Norwood*, 135 S. Ct. 344 (2014), and Petitioner filed his most recent § 2255 motion in April of 2015.

While that § 2255 motion was pending, Petitioner sought leave to amend to add claims that three of his convictions were unconstitutional under *Johnson v. U.S.*, 135 S. Ct. 2551 (2015), and that his New York state conviction for attempted aggravated assault on a police officer was not a qualifying predicate offense under the Armed Career Criminal Act ("ACCA"), also in light of *Johnson*. The Government did not object to the motion to amend, and the Court granted the motion on July 6, 2016. (ECF No. 42). A few weeks later, however, Petitioner filed a motion to withdraw his *Johnson* related claims, (ECF No. 44), and the Court granted the motion to withdraw. (ECF No. 46).

In November of 2016, the Court denied Petitioner's § 2255 motion and denied a certificate of appealability, (ECF Nos. 49, 50), and thereafter, the Third Circuit also denied a certificate of appealability. (ECF No. 53).

Nearly two years later, Petitioner filed the instant motion for relief from judgment. Petitioner seeks to revive one of his withdrawn claims, his claim that one of his prior convictions did not qualify as a predicate under the ACCA. Respondent filed an opposition (ECF No. 57), and Petitioner filed a reply (ECF No. 59).

## II.     STANDARD OF REVIEW

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, at issue in this case is Rule 60(b)(6), which "is a catch-all provision that authorizes a court to grant relief from a final

judgment for any . . . reason other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (internal quotation marks omitted), *cert. denied sub nom.*, *Wetzel v. Cox*, 135 S. Ct. 1548 (2015).

Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may only grant a Rule 60(b) motion if a movant shows extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues. *Burns v. Warren*, No.13-1929, 2018 WL 1942516, at *2 (D.N.J. Apr. 25, 2018); *see also Cox*, 757 F.3d at 120.

To establish "extraordinary circumstances" a movant must demonstrate that an "extreme" and "unexpected" hardship will result. *Tatar v. United States*, No. 13-3317, 2017 WL 945015, at *8 (D.N.J. Mar. 10, 2017) (quoting *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014)). A judgment precluding an adjudication on the merits may sometimes satisfy the "hardship" requirement, but rarely "when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Id*.

Further, where, as here, a district court must consider a Rule 60(b) motion after it has denied a petitioner's § 2255 application, a court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Cf. Burns*, 2018 WL 1942516, at *2 (citing 28 U.S.C. § 2244).

If a petitioner's Rule 60(b) motion attacks the manner in which he received a habeas judgment and not the underlying conviction, a court may adjudicate the Rule 60(b) motion on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's

3

underlying conviction, a court should treat the motion as a successive habeas petition. *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

### III. DISCUSSION

With those principles in mind, the Court must first determine whether to address the instant motion as one under Rule 60(b) or as a second or successive § 2255 motion. Petitioner contends that the instant motion is not second or successive because he is attacking a "non-merits aspect" of the Court's November 28, 2016, habeas judgment. (ECF No. 54, at 1). Respondent notes but does not contest this allegation.

The Court construes the motion "as an attack on the habeas proceeding, rather than on [Petitioner's] underlying state conviction." *Pridgen*, 380 F.3d at 727. Although Petitioner eventually seeks an adjudication on his ACCA claim, the narrower issue before the Court is whether the Court should have "allowed" him to withdraw the claim in the first place. This claim, "if proven, would necessarily result in the reopening of [Petitioner's] federal habeas proceeding . . . [but] not necessarily affect" the underlying conviction in Petitioner's case. *Id*. Accordingly, the Court finds that the instant motion is a proper Rule 60(b) motion.

Turning then, to the merits of the motion, Petitioner contends that he "did not fully recognize the consequences of" withdrawing his ACCA claim. He maintains that "he would not have moved to withdraw" the claim had the Court explained to him that doing so would likely bar him from raising the claim in the future. Petitioner emphasizes that he did not have the assistance of counsel and *implies* that the Court should have explained the consequences of withdrawing his claim.

The Court rejects these arguments. As set forth above, Petitioner must set forth "extraordinary circumstances" to warrant the reopening of a judgment, but rarely will such

4

circumstances exist "when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Id*. Here, Petitioner chose to withdraw his ACCA claim. "His choice was a risk, but calculated and deliberate and such as follows a free choice." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 275 (3d Cir. 2002) (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)). Although withdrawing his ACCA claim likely precluded Petitioner from ever raising that claim again, this effect resulted from Petitioner's free choice.

Petitioner implies that the Court should have advised him of the potential consequences of withdrawing his ACCA claim. More specifically, he appears to argue that before allowing him to withdraw any claims, the Court should have provided him with some type of notice, similar to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), *i.e.*, explained to him "the importance of including all issues in his initial § 2255 motion and of the potential consequences of his failure to do so." (ECF No. 54, at 2).

The Court, however, has no obligation "to provide general legal advice to *pro se* parties." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013). Nor does Petitioner offer any authority for the proposition that mandates special notice under these circumstances. In any event, Petitioner declared under penalty of perjury, that he received and understood the form *Miller* notice when he initially filed this case:

> I declare . . . under penalty of perjury that I have been notified that I must include in this motion all the grounds for relief from the conviction or sentence that I challenge . . . *I also understand that if I fail to set forth all the grounds in this motion, I may be barred from presenting additional grounds at a later date*.

(ECF No. 4, at 2, 18 (emphasis added)).

Accordingly, as Petitioner knew or should have known about the consequences of withdrawing his ACCA claim, and because that withdrawal was a deliberate choice, the Court

5

finds that Petitioner has failed to set forth extraordinary circumstances[1] warranting relief under Rule 60(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion for relief from judgment. An appropriate order follows.

Dated: June  10 , 2019         s/Robert B. Kugler
                                                                           ROBERT B. KUGLER
                                                                           United States District Judge

---

[1] Additionally, the Court rejects Petitioner's reliance *Tomiwa v. United States*, No. 16-3342, 2016 WL 4472954, at *4 (D.N.J. Aug. 24, 2016), in which the Court addressed the question "when does a voluntarily withdrawn § 2255 motion or habeas petition 'count' so that a numerically second motion or petition will be deemed a 'second or successive' filing within the meaning of § 2244?" *Id*. (quoting *United States v. Doe*, 810 F.3d 132, 150 (3d Cir. 2015)). The Court determined that the answer "depends on the circumstances surrounding the withdrawal." *Id*.

Whether a § 2255 motion is second or successive, however, is a separate issue and requires a different analysis from whether a Court should vacate an existing judgment under Rule 60(b). Further, unlike *Tomiwa,* this Court already denied Petitioner's § 2255 motion, *on the merits*, before Petitioner sought to revive his ACCA claim. *Id*.