UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL NORWOOD, | Civ. No. 15-2996 (RBK) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Before the Court is Petitioner, Michael Norwood's request for a certificate of appealability (ECF No. 61), as to the Court's June 11, 2019, Order denying his motion for relief from judgment. (ECF No. 60). Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order[1] in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

---

[1] Courts have applied this requirement to motions for relief from judgment under Rule 60(b) in similar situations. *See, e.g.*, *Durham v. Superintendent Pittsburgh Sci*, No. 16-3304, 2016 WL 9455895, at *1 (3d Cir. Nov. 17, 2016)(denying a certificate of appealability in a situation where petitioner's motion might have attacked "some defect in the integrity of the federal habeas proceedings"); *Kaplan v. United States*, No. 07-329, 2016 WL 4086764, at *1 (D.N.J. July 28, 2016)(noting that the Third Circuit denied a certificate of appealability in a situation where petitioner's Rule 60(b) motion "challenged the integrity of the habeas proceeding.").

484 (2000). Here, for the reasons set forth in the Court's earlier Opinion (ECF No. 59), jurists of reason would not find it debatable that Petitioner has failed to set forth extraordinary circumstances warranting relief under Rule 60(b)(6). Accordingly, the Court will not issue a certificate of appealability.

THEREFORE, IT IS on this _8th_ day of July, 2019,

**ORDERED** that the Clerk of the Court shall REOPEN this case for consideration of Petitioner's request for a certificate of appealability, (ECF No. 61); and it is further

**ORDERED** that Petitioner's request for a certificate of appealability, (ECF No. 61), is DENIED, and a certificate of appealability shall not issue; and it is further

**ORDERED** that the Clerk of the Court shall once again CLOSE this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order on Petitioner by regular U.S. mail.

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge